Good afternoon. My name is Tom McNerney, and I represent the appellant and the employer in this case, The Finish Line. And I would also request the opportunity to reserve two minutes of time for rebuttal. All right. Please watch your time. It's total time, indeed. Will do. I would like to first confirm the important context to this case, and then address three key issues. The exemption of claims provision, the cost share provision, and severability. First, the context. There are certainly cases where, in situations where an employer has engaged in substantial overreach or exception in an attempt to impose a one-sided arbitration agreement to deprive an employee of their ability to vindicate their legal rights. This is most definitely not that case. Here, the employee... Okay, counsel, let me just ask you a quick question. Sure. You waived some of these arguments before the district court, arguments on a couple of these issues, is that correct? Yes, your honor. And you stipulated to agreeing to some alternative relief, so to speak. Yes, that is correct. And in fact, to address that, because you have raised a very important point, and one that I would like to hit on, because the district court, I think, indicated, and at least it's reflected in the transcript, that he said that you essentially agreed that these costs were unconscionable. And I want to make it clear that we most definitely did not. What we did was, and I think employers should be encouraged to do this, not discouraged, what we did at the outset was reach out affirmatively before anybody objected to the arbitration agreements. It was in the initial correspondence, it's in the record, indicating that not only were we talking about the underlying merits of the claims, but also pointing out that there were two claims that, or two issues in the arbitration agreement that we saw that may delay arbitration because we anticipated possible objections by counsel. One of the provisions was the cost-sharing provision, which the Seventh Circuit, confounding versus finish line, the exact same cost-sharing provision, had upheld under the federal arbitration. And before going further, I just want to clarify one other thing. In terms of the legal issues here, the things are decided as a matter of law, there's to know what review, is that correct? Correct. But when we get to the issue of severability, the standard of proof is abuse of discretion, is that? No, your honor, our position is to negotiate because it's a contract interpretation and the court counsel is to review that on to know the review. And so, just to finish my point on what the court was raising, the two provisions we voluntarily agreed to not raise as an issue were the cost-sharing provision, as I said, we had already been upheld by the Seventh Circuit. And the other one was the form selection clause, which I think under this court's decisions, Kublon and Tompkins, is clearly enforceable. The Kublon case, the recent Ninth Circuit decision, had a form selection clause of Minnesota, this was Indiana, and I don't think it's much more onerous to say, have somebody go to Indiana than it is to Minneapolis. And even with, despite that, we agreed to hold it in San Francisco and obtain all costs of arbitration. And the point I would like to just close with on this is that we feel, and we urge the court not to, hold employers, hold that against employers, that if you reach out and try to expedite arbitration, which is the whole point under the Federal Arbitration Act, sub geome, to have an expeditious process. If we reach out and verbally do it, that it's not, it shouldn't be deemed a waiver or an admission at all of the underlying, or as to the impossibility of the clause. But that was just for the stand train only, right? You, the next lawsuit that's filed, you're going to stand on these provisions, I assume? I don't know, Your Honor. It depends. And certainly the form selection clause is, there's no question that's enforceable. And as I said, the Seventh Circuit had already confirmed that the cost share provision was lawful under the FAA, so it's very possible as a position. But in order here, under the circumstances, we reached out affirmatively. And again, before it was challenged, and that's what the district court had held, that the reason he was, the court was not willing to sever that provision was because you'd be in a situation where an employer tries to slip in unconscionable claims, and in a rare instance, and this is exactly what he said, in a rare instance, you're challenged on it, then to say, okay, fine, we'll waive it. That's certainly not the circumstance here. We reached out before anyone even raised an issue about the arbitration agreement. And again, I think on those two clauses, we're completely enforceable. Those are clauses that are enforceable. Counsel, would you agree that we interpret this by contracting, of course, with California law? The, I guess, Your Honor, the severability clause and the standards of unconscionability in the context, so I would just add that it's also governed by the Federal Arbitration Act and the underlying policy of promoting a liberal attitude or interpretation in favor of arbitration. Right, but I was, in that context, I wanted to ask you if you're familiar with the case of Magno versus Collegiate, and we're talking about the forum clause. If the clause, for the plaintiff to attend the forum, vows any recovery that they may have? Yes, yes, Your Honor. I'm familiar with that case, and I believe in that case, and there are a few other older cases as well that have, under California, applying arm and dares have held that the cost is so prohibitive that it would prevent an employee from vindicating their legal rights. And I think the distinction in this case is, number one, there was no evidence on that point in the district court. So, you know, there wasn't even a, we're sitting here, we have no idea, anything about the financial situation, the employee, we may assume that they, in the district courts, or at least assume that they were poor. That was what happened here. And we can assume, we can take judicial notice of the position that gave you the right to hang out and be accompanied. Yes. You know what the salary was for the position. Right, exactly. But I think, and the other point I would make on this, Your Honor, is that what we're talking about is a forum selection clause of where the arbitration would be held. So, the actual hearing would be held under the agreement in Indiana. So, I again would raise that it's not onerous. It certainly doesn't shock the conscience, which is the standard for inconstant ability to have a hearing, which in an employment case often takes a day, but two days. All the preliminary proceedings, especially since the employee was working here in San Francisco, all the discovery, most of the other proceedings would take place here in that Bay Area. And there is certainly not a burden, and it certainly doesn't shock the conscience to say you'll have to have a hearing in Indiana when that occurs. And also, arbitrators are free to set up other procedures, telephonic or videoconferencing or other proceedings like that. And the bottom line is, again, the finish line agreed to waive that provision and hold it in San Francisco. It's just sort of pointed out that when you waive it for one case, it doesn't negate the cost of the contract. Right. And exactly. It doesn't. But again, I think the court should be looking at this on a case-by-case basis, and certainly the standard under California law of severability, whether to sever it. It's done on a case-by-case basis. You are to look at the circumstances. And again, I would just reiterate the fact that we reached out affirmatively to waive that provision. Cal costs it, hold it in San Francisco. And I think that was strong. And we also, by doing so, gave a roadmap to the district court on ways to properly sever this agreement so we would fulfill the entire underlying policy in favor of the FAA, which is to promote arbitration. So do you have a case that supports the notion that where the employer agrees to waive some provisions of the agreement that may be unconscionable, that should be waived in favor of arbitrability? No, Your Honor. There is not. But again, I would come back to, you're to look at the district courts that have looked at it on a case-by-case basis, and I think that waives in favor of it. There certainly are cases. There's an Eastern District of California case, a district court case, where courts look at whether or not the underlying issue that's being disputed in the arbitration agreement is even relevant to the case. We cited that in our brief. And I would say here that when we said, well, in San Francisco, we'll pay all costs, getting, striking down the entire agreement and refusing to sever is, as I said, inconsistent with the entire purpose behind the FAA. And then a couple of just quick points that I would make regarding a couple of the provisions and some objections that were raised by the district court. One was regarding the exemption of claims provision. That allowed the employer to seek injunctive or unfair competition or other equitable relief in order to protect their confidential information. As I've indicated as well with the cost, the form selection and the cost sharing, that issue was completely irrelevant in these disputes. There's no question here about the use of trade secret information. And there was no evidence offered that Finnis Fine has ever even enforced that or threatened to enforce that claim. And even if Finnis Fine had under the California Supreme Court's decision last year in Baltazar v. Forever 21 and the Ninth Circuit's recent decision in Tompkins v. 23andMe, had a provision, even if you will assume it's only going to work in favor of the employer, which is certainly, I think, we can make that assumption here, it's still not unconscionable because employers have a commercial need to protect their trade secrets. But again, that's not even an issue here. No issue's been raised over that clause. The district court focused on that for some reason. And again, I would also point out that under the California Arbitration Act, parties can seek equitable relief in court. It's expressly called out in the civil procedure that employers can, or parties can seek equitable relief to protect their trade secrets. See, the only times that anyone can challenge a provision like this, which is one-sided and makes the employee go into arbitration for all kinds and preserves the employer's right to go to court with lots of other kinds, or with some kinds, the only place that that can be challenged is when the employer is invoking the clause in order to go to court. If I... And is that just in your position? Because it's not at all here. Well, that's, I think in looking at severance, severability, I would say you have to look at the, you should look at the circumstances. So if it is a relevant issue, we're taking a one-sided approach to it, then I think that that can be something to consider. This is a very minor, I mean, and I think it's nice, certainly, that Plotkin's recognized that this seeking equitable relief in court, although we can assume it is usually one-sided, it only has a relatively tangential impact on the overall analysis because of the clear commercial need that employers have, or companies have, to protect their trade secrets. I understand that you might want to get objective relief in court, but that you could still arbitrate the underlying dispute. Correct. Your, as I read your position, it is that whenever those kinds of controversies involving trade secrets are concerned, that you get to go to court. Or for them all, parents as well, or anyone. No, no, and I'm sorry, that is not our position. If our position would be, if we should, if the underlying dispute, for example, in this case, the discrimination claims, should be arbitrated. That clause, the intent, I think that it's expressed, and the intent and thrust of it is to protect, is only for equitable relief related to trade secrets or uninsured entities. And then another point, and I see everything out of time, in regards to the cost-share agreement, and I would just point out, as I said, the Baumann v. Senate 27th Circuit 30 upheld that clause, as well as, there was no showing in the district court that, by the plaintiff, as to the actual cost that would be incurred, especially since the provision expressly said, the employee complied to the arbitrator for a waiver of all the costs, and under similar circumstances, a number of cases have been cited, that has been held contrary to the incurrential order. I see I'm out of time, thank you. Thank you, Your Honor. My name is Alan Villanueva, and I represent the Acaube Plaintiff, Ms. Peterose Bailey. I'm going to jump right into some of the issues that Mr. McNerney brought up. In both SAR and Tompkins, there's a big difference in those cases from ours. In those cases, they had a bilateral right to go to court and seek injunctive discharge. There is no such right. It's only unilateral. So this client has the right to seek injunctive relief, any equitable relief. It says here, what does that mean? Specific for performance, precision, reformation. But you said that it was reserved solely for unfair competition and trademark infringement. That's correct, Your Honor. So if Ms. Papili were to get terminated, this was in Armendariz and her court case, if she were to be terminated because of a violation of a trademark problem, she would have had to go to arbitration for the wrongful termination claim. But they get to go to court and seek injunctive relief against her based on the same facts. And Armendariz does not know that you can do that. That's totally one-sided. In the Tompkins case that has been discussed, those parties didn't have equal bargaining power. Or they did have equal bargaining power, as I understand some of the facts of that case. Of course, this is in an Asian contract here because there's unequal bargaining power. And that was a different situation in the Tompkins and the Mulan case that we're debating here. I believe Tompkins, that was the DV testing. And I don't know if they really had—no, they didn't have the bargaining power. So the fact that they get to go to court and this is a case of arbitrate is totally one-sided. It's totally unconscionable. The venue, the location, in Indiana, the court here, the district court said, that's a substantial barrier to vindication of the employee's right. You have to go out there and fly out your witnesses. Number one, that's Armendariz. That's not a clause that you would use if you have a defunded case in court. So that's unconscionable. Counsel, what's your response to opposing counsel's observation that there was no evidence adduced in the district court regarding the cause and whether or not the plaintiff was able to bear those costs? I think I would agree with you, Your Honor, that you could take judicial notice of the cost involved. And I think Armendariz sets forth what arbitrators cost, up to $7,000 a day. So I think that goes to the showing of the cost, and I don't think you need to explicitly miscompute it there and say, hey, I'm a free salesperson. This is how much I make. It would cost me whatever to fly out there. It would cost me how much it would cost. She hasn't paid up to $10,000, is what it says here. That's nothing that she would have the barriers to file in court. So that violates Armendariz. In Javiara, Javaria case, I think in that case, that alone was sufficient enough for the court to say, this is an unconscionable, unenforceable contract in its entirety because of the fact that it's so costly. Also, these cases are pre-conceptual cases. They're not outlawed yet. That's correct, Your Honor. How is the Supreme Court's decision a conceptual parable? Javiar, Javaria is a post-conceptual, and I think the address, the argument there was, this is preempted by FDA, your rules here in Javaria. Javaria said, no, because conceptual outlaws rules that are unfavorable to arbitration. The rules that we set forth today regarding the cost, regarding trying to choose an arbitrator, are agnostic to arbitration. And Javaria went on to say that our rules reflect the generally applicable policy against abuses of bargaining power. And so they held it as not preempted by FDA. Another clause here that we find really troubling is the fact that Finnish Blank can amend this agreement any time. I know that there's an argument that they have to do so in good faith, but it doesn't prevent any one-sided changes. For example, they can change the statute of limitations. In fact, the agreement says here that if you file beyond the one year, you can challenge it in arbitration. And then they get to amend it. And even over the years, they can say, oh, let's amend the arbitration agreement so that there is no statute of limitations. So that's not uncommon in employment. It often exists for the employer to be able to amend the governing permissions for employment at any time. That's not unusual, is it? Well, you have to accept it. If you don't have, in the first instance, the right to even negotiate something like that, in the instance that they said that's unconscionable, you don't even have that right. Yes, what case do you have that says the ability of the employer to allow any change in the arbitration agreement is unconscionable? In gold, Tompkins, the recent case of Tompkins, and Chaudhary, Chaudhary, yeah. We both cited Tompkins in our letters, the supplemental letters. But if you read Tompkins, the unilateral modification portion of that agreement was not part of the arbitration agreement. So they went on to an analysis under rent sector, saying we have to see that whether this as applied will be unconscionable and unenforceable. And they found that as applied, it was not unconscionable. But that was a separate agreement. And then the court went on to say, but you can go to arbitration and still argue it. So that's a big difference. So Tompkins, Ingo, Chaudhary, they all say that it's unconscionable. One of the things that comes up in the case is the fact that some provisions are procedurally unconscionable and then substantive unconscionability. Do you have to have both? And are the provisions we're talking about involve both? Yes, we do. It involves both, Chaudhary, and this situation. How she was bound by this agreement was the fact that she's applied for the job. And then up on top of this agreement, it says, application for employment, initial employment, or continued employment on or after the effective date of the plan constitutes consent and agreement. And I don't think she even signed this to be allowed. So that's where the court found it was procedurally unconscionable. The fact that they didn't give her AAA rules, we believe, also goes to unconscionability. I realize that the recent Supreme Court case with Alta Sarsis, if you're not going to even refer to that, then it's not unconscionable because you're not challenging that provision in AAA rules. However, the finish line brought up the AAA rules in their opposition, in their opening brief. And so that makes it procedurally impossible. They actually got to refer to it, and you didn't give it to the employee. That goes to procedural unconscionability. I want to discuss also the Puglon case. It was a case two months ago, and the appellant or the employee there argued that, hey, this is not a severable agreement because there's one unconscionable provision, and therefore it's permeated by unconscionability. The court in Puglon said, no, that's not it. The courts have never adopted a per se rule of severability, and I think that's the gist of the finish line's argument, that the district court applied a per se rule. One or more, it's not severable, and the whole thing is unenforceable. Puglon says, no, there's no such rule that was adopted by California courts. You have to look at the central purpose of the contract and whether it's dealing with the legality. That's one of the factors. And whether there are one or more, that's another factor. You have to look at the central purpose of the contract. And we intend that the central purpose of this contract, the what, who, when, where, and how an arbitration is going to be conducted, is permeated by unconscionability. And do you have to agree that the district court, you just warned in this case on your choice, three of the provisions. I agree with that, Your Honor. And I believe this. So the provision about the unilateral ability to change the agreement was not part of the district court's decision. It was not part of it. But if we're doing a de novo, I believe that we should entertain those. And look at the seven aspects that we believe are unconscionable. And like I said, the fact that they can just terminate this agreement, and then if you follow through past one year, you can even challenge it. At what point do you say that if the position on the contract makes it impractical for anyone to ever even bring an arbitration? Because if it's impacted, that would be unconscionable? I agree. That's what I understand. My problem is with Concepcion. Maybe it's because I was on that panel. We have a problem with Concepcion. Yes. Maybe the practical effect of Concepcion was that the provision in the contract that said that you can't arbitrate on a class basis, once you struck that down, once you said that that provision is okay, then it made it almost impossible for anyone to do an arbitration because you're talking about very small amounts of money that were being imposed on an awful lot of people. And so the whole thing became impractical as a practical matter. And yet, the three-part stack values, you have to uphold them. It is making it impossible for class players to go through arbitration. Yeah, it is as small amounts. It's normally defined as the interest in your argument here, and then this is unconscionable because it makes it so difficult for people to pursue a claim. Right, right. Yes. Well, then, I mean, Concepcion seems to cut against you. Well, Concepcion says that you can't discriminate against arbitration. The rules that are fashioned in California actually are in favor of arbitration. I mean, there is a favorable decision. If you cut the cost, I think more people are more likely to go to arbitration. If you make it close where you were employed instead of going to Indiana, I think that goes to show it's going to encourage people because, hey, I can do it in my backyard. I don't have to find witnesses. I can do it right here. Concepcion says it's speedy. That's what these rules are. It makes it speedy. It makes it less costly. And I think the fact that they offered to have it here and try to pay the cost shows that these rules are actually in favor of arbitration and not against it. So with that, Your Honor, I agree that this whole agreement is arbitration. No. Thank you very much. Thank you, Counselor. One minute for rebuttal. Thank you, Your Honor. Very briefly, just to address a couple of points, Your Honor raised the point about whether Tompkins being a contractor of adhesion, that was relevant. I would point out that the California Supreme Court's decision was an adhesion contract, and the court found that it forced the clause dealing with going for injunctive relief, so it doesn't matter. The cost counsel brought up that the cost would be as impediment. I would just reiterate, based on the record that the agreement provided, that the employee could apply to the arbitrator for a waiver of all costs. That's on top of the fact that we've had a judge find an already agreed to waive the cost. Counsel, one of my problems is that these arbitration agreements can be loaded up with a ton of unconscionable provisions, and then counsel comes along when it's time to deal with the situation. Well, we'll waive that, or we'll pay those costs, or we'll change the status of the location. That's kind of what bothers me, is that these arbitration agreements are loaded up with all these unconscionable conditions, and a lot of people won't find them and be in a very, very bad situation. So that's one of my problems here. You see, I'm actually going to respond to a comment held there briefly. I agree 100% that that, as I said at the outset, that that could be a circumstance where you lard up these claims with unconscionable provisions, and then when someone gently, as it is, of course, that way, an off chance that someone challenges it, they say, I give them these, and we'll waive it. Again, that is not our case. Clauses that are still being challenged at the Ninth Circuit and the California Supreme Court have held are valid. And the cost share agreement, the Seventh Circuit in 2011, held that that clause was valid. That's the only court decision on this. And the forum selection clause, I think, is clearly enforceable under authority, but even if it's not, it's not something that can be seen as a clearly unconscionable provision that shocks the conscience, and especially under these circumstances. So I would just urge the court to look, you know, as I know well, to look very closely at these provisions. This is not that case. And I would just end by saying Concepcion has changed the landmark of this in that the court should be looking and promoting arbitration. And I would just urge that if there are questions on any particular provision, that there's no legitimate argument that the underlying purpose of this agreement is unconscionable or illegal. It's really there are provisions that the court clearly, and we hope we try to give a road map to the district court, of ways to sever it. Thank you. Thank you. 12,000 cases argued and submitted for decision by the court. Do you think there's a disuncountable argument? It's Myers versus Jess. Yes. All right. Thank you. That's all.
judges: Schroeder, Rawlinson, Drain